IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LISA SLEDGE,

                Plaintiff,

      v.

SANOFI-AVENTIS U.S., LLC;
SANOFI U.S. SERVICES INC.,

                Defendants.

Civ. No. 3:23-cv-01770-AA

**OPINION & ORDER**

---

AIKEN, District Judge.

This case comes before the Court on Defendants' Motion for Judgment on the Pleadings. ECF No. 26. For the reason set forth below, the Motion is GRANTED and this case is DISMISSED.

## LEGAL STANDARDS

"After pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. 12(c). Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim, the same standard of review applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

"Judgment on the pleadings is properly granted when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law."

*Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citations omtted). A Rule 12(c) motion may be based on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to allege a cognizable claim. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019).

The court must accept the complaint's factual allegations as true and construe those facts in the light most favorable to the non-movant, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

## BACKGROUND

Plaintiff Lisa Sledge alleges that she suffered from permanent alopecia and hair damage after taking Taxotere, which is manufactured by Defendants Sanofi U.S. Services Inc. and Sanofi-Aventis U.S. LLC (collectively, "Sanofi"). Short From Compl. ("SFC") at ¶¶ 6, 9, 12. ECF No. 1 Plaintiff alleges that she took Taxotere between

January 29, 2009, and May 2009.  *Id.* at ¶ 10.  Plaintiff filed the SFC in the Eastern

District of Louisiana on October 9, 2020, where it was part of multi-district litigation.

Plaintiff's case was transferred to this Court on November 17, 2023.  ECF No. 6.

## DISCUSSION

Plaintiff brings claims for (1) strict products liability based on a failure to warn;

(2) negligence; (3) negligent misrepresentation; (4) fraudulent misrepresentation; (5)

fraudulent concealment and (6) fraud and deceit.  SFC ¶ 13.  Defendant moves for

judgment on the pleadings based on (1) the application of the statute of ultimate

report and (2) the insufficiency of Plaintiff's allegations of fraud.

As noted, Defendants argue that Plaintiff's claim is barred by Oregon's statute

of ultimate repose, ORS 30.905.  Statutes of ultimate repose establish maximum time

limits to commence an action, regardless of when the injury is discovered or any other

circumstances that might extend a statute of limitations.  *Cannon v. Oregon Dep't of

Just.*, 288 Or. App. 793, 798 (2017).  Unlike statutes of limitation, statutes of repose

are generally not subject to equitable tolling.  *Balam-Chuc v. Mukasey*, 547 F.3d 1044,

1048 (9th Cir. 2008).  In addition, the "discovery rule *cannot* apply to a statute of

ultimate repose, because there can be no extension of an absolute period."  *Border v.

Indian Head Indus., Inc.*, 101 Or. App. 556, 563 (1990) (emphasis in original).  Unless

allowed by statute, a statute of repose cannot be extended, regardless of any

unfairness to the plaintiff.  *Cannon*, 288 Or. App. at 799.  "When the ultimate repose

period has expired, the claim is extinguished and no legally cognizable injury exists."

*Id.*

Under ORS 30.900, "product liability civil action" means "a civil action brought against a manufacturer, distributor, seller or less or of a product for damages for personal injury, death, or property damage arising out of: (1) Any design, inspection, testing, manufacturing or other defect in a product; (2) Any failure to warn regarding a product; or (2) Any failure to properly instruct in the use of a product." ORS 30.900. The term "product liability civil action" under ORS 30.900 "embraces all theories a plaintiff can claim in an action based on a product defect." *Kambury v. DaimlerChrysler Corp.*, 185 Or. App. 635, 639 (2003). Applied to this case, the expansive reach of ORS 30.900 encompasses all of Plaintiff's claims as a "product liability civil action" and subjects them to a single statute of ultimate repose, ORS 30.905.

Under the formulation of the statue that was effective at the time of Plaintiff's injury, Plaintiff's claim was subject to the following time for ultimate repose:

> Except as provided in ORS 30.907 and 30.908(1) to (4), a product liability civil action for personal injury or property damage must be commenced not later than the earlier of:
>
>> (a) two years after the date on which the plaintiff discovers, or reasonably should have discovered, the personal injury or property damage and the causal relationship between the injury or damage and the product, or the causal relationship between the injury of damage and the conduct of the defendant; or
>>
>> (b) Ten years after the date on which the product was first purchased for use or consumption.

ORS 30.905(2) (2007).

Here, Plaintiff alleges that she first used Taxotere on January 29, 2009 and this action was commenced on October 9, 2020, which is over ten years later. As a

result, Plaintiff's claims fall beyond the time allowed by the 2007 version of the statute of ultimate repose.

ORS 30.905(2) was amended in 2009 to provide that a civil action for product liability must be commenced "before the later of":

(a) Ten years after the date on which the product was first purchased for use or consumption; or

(b) The expiration of any statute of ultimate repose for an equivalent civil action in the state in which the product was manufactured, or, if the product was manufactured in a foreign country, the expiration of any statute of report for an equivalent civil action in the state into which the product was imported.

ORS 30.905(2) (2009).

Plaintiff argues that, under the 2009 version of ORS 30.905, her claim is timely because Taxotere is manufactured in Missouri, which has no statute of ultimate repose. However, when the Oregon legislature amended ORS 30.905 in 2009, it provided that "[t]he amendments to ORS 30.905 by section 1 of this 2009 Act apply only to causes of action that arise on or after the effective date of this 2009 Act." 2009 Or. SB 284 § 2. The 2009 version of ORS 30.905(2) became effective on January 1, 2010. As Plaintiff's claim arose prior to the effective date of the 2009 version of ORS 30.905, they are subject to the 2007 version of the statute.

As a result, the Court concludes that Plaintiff's claims are barred by the statute of ultimate repose. Defendants' Motion for Judgment on the Pleadings must therefore be granted, and this case must be dismissed. As no amendment would allow the claims to evade the statute of ultimate repose, dismissal will be without leave to

amend and the Court need not reach the issue of whether the fraud-based claims were sufficiently pleaded.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Judgment on the Pleadings, ECF No. 26, is GRANTED and this case is DISMISSED as time-barred. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this _____10th_____ day of June 2024.


      /s/Ann Aiken
      ANN AIKEN
      United States District Judge